

305 Broadway, 14th Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwandf.com

Gabriel P. Harvis
gharvis@hwandf.com
Christopher D. Wright
cwright@hwandf.com
Baree N. Fett
bfett@hwandf.com

July 9, 2014

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Jones v. City of New York, et al.*, 14 CV 4169 (FB) (VMS)

Your Honor:

    I represent plaintiff in the above-referenced civil rights action. I write to respectfully request, in light of the imminent expiration of the relevant statute of limitations, that, pursuant to Fed. R. Civ. P. 26(d)(1), the Court allow plaintiff expedited discovery of the identity of the officers involved in the incident so that plaintiff may timely amend the complaint to name them.

    As detailed in the complaint, this case concerns plaintiff George Jones' arrest on September 3, 2011 and his subsequent prosecution, which was ultimately resolved in his favor. Mr. Jones brings claims of unlawful entry, stop and search; false arrest; malicious prosecution; excessive force; fabrication of evidence; *Monell*; and failure to intervene. With the exception of his malicious prosecution claim, the statute of limitations on Mr. Jones' claims will expire three years from September 3, 2011, i.e. on September 3, 2014. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989). If Mr. Jones does not, by that date, ascertain the identity of the officers involved in the incident and amend his complaint to name them, his claims against them will be time barred. *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) *modified*, 74 F.3d 1366 (2d Cir. 1996). Unless expedited discovery is permitted, plaintiff will not obtain the necessary information in time to meet the deadline and will suffer irreparable harm.

    To avoid this outcome, plaintiff respectfully proposes that defendant City be ordered, by a date certain in advance of the September 3rd deadline, to identify the officers involved in the incident alleged in the complaint. Judges of this district regularly impose such requirements as a condition of granting the City's routine

enlargement requests. *See, e.g.*, *Campbell v. City*, 14 CV 3242 (ENV) (RER) (June 18, 2014) ("no later than August 20, 2014 the City's counsel must provide to the plaintiff the names, shield numbers, and proper service addresses of all individual officers involved in the arrest at issue in this litigation."); *Assing v. City*, 14 CV 2516 (SLT) (CLP) (May 20, 2014) (same); *Hunt v. Vasaturo*, 14 CV 3072 (KAM) (JO) (June 13, 2014) (same).[1]  In the alternative, plaintiff requests leave to serve limited interrogatories and document requests to obtain the necessary information in advance of the deadline.

As this Court explained recently in *N. Atl. Operating Co., Inc. v. Evergreen Distributors, LLC*:

> "Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1–176,* 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al–Madina,* 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)); *see Pearson Educ., Inc. v. Doe,* No. 12 Civ. 4786(BSJ) (KNF), 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012) (listing cases). This reasonableness test "'requires the party seeking the discovery to prove that the requests are reasonable under the circumstances.'" *KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.,* No. 06 Civ. 3013(JS) (AKT), 2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006) (quoting *Better Packages, Inc. v. Zheng,* No. 05 Civ. 4477 (SRC), 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)). Courts may find that there is good cause when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D.Cal. 2002). For example, in *Ayyash,* the court found good cause for expedited discovery concerning defendants' assets where plaintiff "made a strong evidentiary showing of the substantiality of his claims," and where defendants "have both incentive and capacity to hide [the assets at issue]." *Ayyash,* 233 F.R.D. 325, 327 (S.D.N.Y. 2005).

293 F.R.D. 363, 367 (E.D.N.Y. 2013).

---

[1] Plaintiff has provided an executed N.Y.C.P.L. § 160.50 designation to the City's Law Department.

Plaintiff respectfully submits that the instant request is reasonable and that the City will suffer no prejudice in providing the requested information on the slightly expedited basis proposed herein. Accordingly, plaintiff requests that the City be required to: 1) disclose the officer identities by a date certain in advance of the deadline; or 2) respond to limited discovery demands regarding officer identifications by a date certain also in advance of the deadline.

Thank you for your consideration of this request.

                                                        Respectfully submitted,

                                                        Gabriel P. Harvis

cc:    Frances Sands, Esq. (by e-mail)
        Deputy Chief, Special Federal Litigation Division