UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

GEORGE JONES,

                                Plaintiff,

                       -against-

Detective VINCENT TIERNAN, Shield No. 6304;
Detective RASHAN LACOSTE, Shield No. 2285;
Detective PAUL MARTIN, Shield No. 2288;
Sergeant FRITZ GLEMAUD, Shield No. 3224;
and JOHN and JANE DOE 5 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                              Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 4169 (FB) (VMS)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff George Jones ("plaintiff" or "Mr. Jones") is a resident of Kings County in the City and State of New York.

7.      Defendant Detective Vincent Tiernan, Shield No. 6304 ("Tiernan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Tiernan is sued in his individual and official capacities.

8.      Defendant Detective Rashan Lacoste, Shield No. 2285 ("Lacoste"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Lacoste is sued in his individual and official capacities.

9.      Defendant Detective Paul Martin, Shield No. 2288 ("Martin"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Martin is sued in his individual and official capacities.

10.     Defendant Sergeant Fritz Glemaud, Shield No. 3224 ("Glemaud"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Glemaud is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 5 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 5 through 10.

12.    At all times relevant herein, defendants John and Jane Doe 5 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 5 through 10 are sued in their individual and official capacities.

13.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.    At approximately 6:30 a.m. on September 3, 2011, Mr. Jones was lawfully present inside his car, which was parked on private property in the driveway of his home at 526 Herzl Street in Brooklyn, New York.

15.    At the time defendants approached Mr. Jones' car, the engine was not running and the keys were not in the ignition.

16.    Defendants, in plainclothes, knocked on his window and interrogated Mr. Jones about "a shooting."

17.    When Mr. Jones responded that he knew nothing about a shooting, defendants demanded his license and registration.

18.    Fearful, Mr. Jones provided his valid license and registration and again inquired as to why he needed to provide this information.

19.     Suddenly, a defendant officer unlawfully entered the rear-passenger door of plaintiff's car and put Mr. Jones in a chokehold.

20.      While Mr. Jones was in chokehold, another defendant officer began to strike Mr. Jones about his head and face.

21.     Defendants violently removed plaintiff from his vehicle and tightly handcuffed him.

22.     Plaintiff was eventually taken to the 67th Precinct.

23.     At the precinct, in a flagrant violation of his constitutional rights, Mr. Jones was strip searched in a communal cell in front of several other prisoners.

24.     Defendants took Mr. Jones to a police facility where he was compelled to undergo a Breathalyzer test.

25.     The Breathalyzer test indicated that Mr. Jones was not intoxicated.

26.     Nevertheless, plaintiff was taken back to the 67th Precinct.

27.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit various crimes, including *inter alia*, assault on a police officer and disorderly conduct and prepared false paperwork, including an arrest report.

28.     Defendants did not observe Mr. Jones commit any crime.

29.     Plaintiff was eventually taken to Brooklyn Central Booking.

30.     Mr. Jones was arraigned in Kings County Criminal Court and released

-4-

on his own recognizance.

31.    After retaining private counsel at significant expense, Mr. Jones was compelled to appear in criminal court repeatedly before the charges were ultimately resolved in his favor.

32.    Mr. Jones suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, unlawfully strip searched, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, loss of income and damage to his reputation.

## FIRST CLAIM
### Unlawful Entry, Stop and Search

33.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.    Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered private property and stopped and searched plaintiff without reasonable suspicion.

35.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

42.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

43.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

45.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

46.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.     The individual defendants created false evidence against plaintiff.

48.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

49.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

50.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

51.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

54.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:        August 29, 2014
              New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*